UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:07-CR-26-1BR
NO. 4:16-CV-130-BR

FRANKIE CORNELL ELLIS, JR.

v.

UNITED STATES OF AMERICA

ORDER

This matter is before the court on petitioner's second 28 U.S.C. § 2255 motion. (DE # 94.)

By way of relevant background, in 2008 and after petitioner had pled guilty to possession of a firearm by a convicted felon and to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, the court sentenced petitioner to 262 months imprisonment. Petitioner's sentence was based on the career offender guideline enhancement, U.S.S.G. § 4B1.1.[1] The Fourth Circuit Court of Appeals affirmed petitioner's conviction and

---

[1] A defendant is a career offender
if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
U.S.S.G. § 4B1.1(a) (2016). At the time the court sentenced petitioner, a "crime of violence" for purposes of the career offender guideline was defined as
any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
Id. § 4B1.2(a) (2008). The last clause is known as the "residual" clause. United States v. Shell, 789 F.3d 335, 341 (4th Cir. 2015). Amendment 798, which became effective 1 November 2016, removed the "residual" clause from the guideline.

dismissed his appeal of his sentence. The Supreme Court denied petitioner's petition for a writ of certiorari.

In 2012, with the assistance of counsel, petitioner filed his first § 2255 motion. That motion challenged the application of the career offender enhancement based on the decision in United States v. Vann, 660 F.3d 771 (4th Cir. 2011). The court dismissed the § 2255 motion on the government's motion. The Court of Appeals dismissed petitioner's appeal of that order.

In June 2016, the Court of Appeals granted petitioner's motion for authorization to file a second or successive § 2255 motion based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner, with the assistance of counsel, filed the instant § 2255 motion. Petitioner contends that in light of Johnson, his prior North Carolina convictions for assault with a deadly weapon inflicting serious bodily injury and indecent liberties with a child are not qualifying predicate convictions for purposes of the career offender guideline. (DE # 94, at 4.) On the government's unopposed motion, the court stayed this proceeding pending the decision in Beckles v. United States, 137 S. Ct. 886 (2017). (DE # 99.)

After the Beckles decision, petitioner's counsel moved to withdraw, which the court allowed; the court also lifted the stay and directed the government to file an answer or other response to the § 2255 motion. (DE ##100, 101.) The government filed a response, arguing that Beckles forecloses petitioner's habeas corpus claim and therefore the § 2255 motion should be denied or dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 104.) Because the government contends the § 2255 motion is subject to dismissal under Rule 12(b)(6) and petitioner is now proceeding *pro se*, the Clerk notified petitioner of his obligation to respond. (DE # 105.) Petitioner filed an opposition to the government's response. (DE # 106.) Petitioner contends that "Beckles . . . simpl[y] does not apply to [his] situation." (Id. at 9.) Petitioner also

2

appears to suggest that Amendment 798 to the sentencing guidelines, see supra note 1, should be given retroactive effect to lower his sentence, and he also appears to attempt to assert additional claims for relief based on the decisions in Davis v. United States, 720 F.3d 215 (4th Cir. 2013), and Begay v. United States, 553 U.S. 137 (2008).

The court considers first the claim petitioner raised in his pending § 2255 motion. As noted previously, that claim challenges the application of the career offender guideline to petitioner's sentence based on Johnson. The court agrees with the government that Beckles precludes petitioner's claim. In Johnson, the Court held that the "residual" clause in the violent felony definition of the Armed Career Criminal Act was unconstitutionally vague. United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017). However, based on Beckles, "*Johnson*'s vagueness holding does not apply to the residual clause in [the career offender guideline]." Lee, 855 F.3d at 247 (citing Beckles, 137 S. Ct. at 892). As such, petitioner is not entitled to relief on his claim.

The court next considers the other grounds for relief petitioner raises in his opposition. The court notes that petitioner has not obtained authorization from the Court of Appeals to file a § 2255 motion other than one based on Johnson and petitioner has not amended (or sought leave to amend) his § 2255 motion to raise additional claims. Even if he had, the claims petitioner appears to assert would not satisfy the threshold requirements of 28 U.S.C. § 2255(h). Under that provision, to survive dismissal, a second or successive claim must rely on sufficient newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (recognizing that once an authorized, successive collateral review application is "submitted to the district court, that court must examine each claim and dismiss those that are barred under § 2244(b) or § 2255[h]." (citing

3

28 U.S.C.A. § 2244(b)(4); Reyes–Requena v. United States, 243 F.3d 893, 899 (5th Cir. 2001))). Petitioner does not cite to any newly discovered evidence in his opposition, rather he cites to an amendment to the sentencing guidelines and case law. Amendment 798 is not a rule of constitutional law. The Fourth Circuit Court of Appeals in "*Davis* announced a purely procedural rule . . . ," interpreting the sentencing guidelines, Lee v. United States, Nos. 7:07-CR-79-D, 7:11-CV-177-D, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 8, 2013) (citations omitted), and in any event, the Supreme Court has not made the rule in the case retroactive to cases on collateral review. While Circuit Courts of Appeals may have held Begay applies retroactively for purposes of a *first* § 2255 motion, the Supreme Court itself has not made Begay's rule retroactive, which is necessary under § 2255(h)(2) for a *second or successive* § 2255 motion. In re Jackson, 776 F.3d 292, 295 (5th Cir. 2015). Therefore, to the extent petitioner attempts to bring additional claims in his opposition, those claims must be dismissed for failing to meet the requirements of § 2255(h).

Because petitioner is not entitled to any relief, the § 2255 motion is DISMISSED. The court finds that petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is DENIED. The Clerk is DIRECTED to send petitioner a copy of this order and close this case.

This 14 July 2017.

_____
W. Earl Britt
Senior U.S. District Judge