IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-26-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| FRANKIE CORNELL ELLIS, JR. | |

This matter is before the court on defendant's letter filed 13 April 2020 requesting that the court "impose a[n] early home confinement." (DE # 136.)

Defendant is serving a 188-month term of imprisonment for conspiracy to distribute and possess with intent to distribute 50 grams or more cocaine base. His projected release date is 16 March 2022. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 50829-056) (last visited May 12, 2020). In his recent letter, defendant seeks early release to home confinement based on his medical conditions which purportedly make him susceptible to contracting COVID-19, the amount of time he has served, and his post-sentencing conduct. (DE # 136.)

At the outset, the court recognizes that it does not have the authority to order defendant released to serve the remainder of his term of imprisonment to home confinement. That authority rests with the Bureau of Prisons ("BOP"). See 18 U.S.C. § 3624(c)(2) (authorizing the BOP "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months"). The Coronavirus Aid, Relief and Economic Security Act, enacted 27 March 2020, "authorizes the BOP—not courts—to expand the use of home confinement" under § 3624(c)(2). United States v. Nash, No. 19-40022-01-DDC, 2020

WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases); see also United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (holding the CARES Act "does not authorize the court to order defendant's placement in home confinement").

The court does, however, have limited authority under 18 U.S.C. § 3582(c)(1) to reduce a defendant's term of imprisonment. Upon a defendant's motion, the court may reduce a term of imprisonment based on extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(i). Such reasons include the medical condition of the defendant and "other" reasons. See BOP Program Statement 5050.50, at 4-5 (Jan. 17, 2019); U.S.S.G. § 1B1.13 n.1(A), (D) (2018). However, before filing such a motion with the sentencing court, the defendant must submit a request to the warden of his facility for the BOP bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). After 30 days, if the defendant has not received a response to his request, he may then file a motion in the sentencing court. Id. If the BOP denies his request, the defendant must fully exhaust all his administrative appeals before filing a motion. Id.

In this case, construing defendant's letter as a motion for a sentence reduction under § 3582(c)(1), it does not appear that defendant submitted a request to the warden for the BOP to bring a motion on his behalf. Accordingly, defendant's letter, to the extent it could be deemed a motion for a sentence reduction, is DENIED WITHOUT PREJUDICE to defendant submitting a request to the warden and, if necessary, exhausting all his administrative appeals.

This 26 May 2020.

_____
W. Earl Britt
Senior U.S. District Judge