IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-26-BR

UNITED STATES OF AMERICA

v.                                                              ORDER

FRANKIE CORNELL ELLIS, JR.

This matter is before the court on defendant's motion for a reduction of his sentence
pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (DE # 138.)

In 2008, after defendant pled guilty to possession of a firearm by a convicted felon and to
conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base,
the court sentenced him to 262 months imprisonment and 5 years supervised release.  The Fourth
Circuit Court of Appeals affirmed defendant's conviction.  (DE # 66.)  In 2019, based on the
First Step Act of 2018 ("First Step Act"), the court reduced defendant's sentence to 188 months
imprisonment and 4 years supervised release.  (DE # 134.)

In April 2020, by letter, defendant requested that he be released from imprisonment to
home confinement based on his medical conditions and COVID-19.  (DE # 136.)  Construing the
letter as a motion for a sentence reduction under § 3582(c)(1), the court denied it without
prejudice to defendant exhausting his administrative remedies in the Bureau of Prisons ("BOP").
(DE # 137.)

In June 2020, defendant filed *pro se* the instant motion.  Pursuant to Standing Order No.
19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for
purposes of the motion.  Appointed counsel filed a supporting memorandum with supporting

documents. (DE ## 142, 144.) The government filed a response in opposition, (DE # 147), to which defendant filed a reply, (DE # 148). Later, defendant supplemented his motion. (DE # 149.)

Defendant requests a reduction in his sentence of imprisonment to time served pursuant to § 3582(c)(1)(A)(i), as amended by the First Step Act.[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."[2] "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

[2] Technically, the policy statement, which was adopted prior to the First Step Act, applies only to motions filed by the Bureau of Prisons. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at *6-7 (citation and footnote omitted).

community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of the following circumstances:

(A)     Medical Condition of the Defendant.—
          (i)      The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
          (ii)     The defendant is—
                   (I)      suffering from a serious physical or medical condition,
                   (II)     suffering from a serious functional or cognitive impairment, or
                   (III)    experiencing deteriorating physical or mental health because of the aging process,
                   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(B)     Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C)     Family Circumstances.
          (i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.
          (ii)      The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D)      Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Even if a defendant establishes extraordinary and compelling reasons to support a

sentence reduction, the court must still consider the applicable § 3553(a) factors.  See 18 U.S.C.

§ 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020)

(citation omitted) (alteration in original).

Initially, the government contends defendant still has failed to exhaust his administrative

remedies within the BOP.  (Resp., DE # 147, at 15; Kelley Decl., DE 147-2, at 2.)  However,

since the filing of the government's response, the Warden denied defendant's request for

compassionate release/reduction in sentence based on the coronavirus pandemic.  (DE # 149-1.)

Accordingly, the court concludes that defendant has satisfied § 3582(c)(1)(A)'s exhaustion

requirement.

Turning to the merits, defendant contends his comorbid conditions make him vulnerable

to severe illness from COVID-19 and create extraordinary and compelling reasons warranting his

release.  (Mem., DE # 144, at 4-6.)  The government argues defendant's sentence should not be

reduced because defendant's medical conditions can be managed in the correctional setting and

because of the danger defendant would pose to the community and considering the § 3553(a)

factors.  (Resp., DE # 147, at 17-19.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction

exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity

and documented history of the defendant's health conditions, and the proliferation and status of

infections in the prison facility." Kibble, 2020 WL 3470508, at *2 (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)).  The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation.  Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 40 years old.  He suffers from medical conditions which the CDC identifies as increasing, or potentially increasing, the risk of severe illness from the virus that causes COVID-19.  See CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 24, 2020).  (See also Mem., Ex. 1, DE # 142-1.)  Based on the medical records submitted, defendant's medical conditions appear to be adequately controlled.  Defendant has recently been transferred to United States Penitentiary Coleman I.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 50829-056) (last visited Nov. 24, 2020).  (See also Def.'s Letter, DE # 150.)  There, the infection rate appears low, as 5 out of 1149 inmates and 32 staff are currently positive for COVID-19.  See COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Nov. 24, 2020).  However, less than half the inmate population has been tested.  See Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Nov. 24, 2020).  Considering that defendant has multiple risk factors for severe illness should he contract COVID-19 while incarcerated, the court concludes extraordinary and compelling reasons exist to warrant reducing defendant's sentence.

The court also considers the relevant § 3553(a) factors and defendant's potential danger to the community.  Prior to his conviction for the instant offenses, defendant had been convicted

of four felonies, including one where defendant shot the victim four times and another involving vaginal intercourse with a minor. (PSR ¶¶ 24, 25.) He is required to register as a sex offender. (Id. ¶ 25.) In conjunction with his drug trafficking activity, defendant traded and sold, and robbed others of, firearms. (Id. ¶ 10.) He committed the instant offenses while on probation. (Id. ¶ 35.)

During his incarceration for the instant offenses, defendant has taken many educational courses and satisfied his financial obligation. (Mem., Ex. 4, DE # 144-4, at 1-2.) The BOP has disciplined him more than 20 times, many for committing prohibited acts of the greatest level of severity. (See Resp., Ex. 1, DE # 147-1.) See also BOP Program Statement 5270.09, Inmate Discipline Program, Table 1 (Aug. 1, 2011). Although the documentation filed indicates that the last prohibited act defendant committed was more than two years ago, (see Resp., Ex. 1, DE # 147-1), the court notes that since briefing concluded, the BOP has moved defendant's projected release date from 16 March 2022, (Mem., Ex. 4, DE # 144-4, at 1), to 12 April 2022, Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 50829-056) (last visited Nov. 24, 2020), leading the court to believe defendant may have been recently sanctioned for another prohibited act.

Considering all the circumstances, including that the court has already significantly reduced defendant's sentence, the court concludes that reducing defendant's sentence below 188 months imprisonment would not provide just punishment, protect the public, or reflect the nature and seriousness of his offenses. Defendant's motion for a sentence reduction is DENIED. For purposes of the record, the Clerk is DIRECTED to file under seal on the docket defendant's

presence report.

This 25 November 2020.

W. Earl Britt
Senior U.S. District Judge